**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Rosenblum, ) | No. CV 1-08-0448-SMM |
| Plaintiff, ) | **RULE 16 SCHEDULING ORDER** |
| vs. ) | |
| Mule Creek State Prison Medical Staff, et al., ) | |
| Defendants. ) | |

This Order serves to summarize the state of the litigation in this case and to establish a case management order. On March 27, 2008, Plaintiff Philip Rosenblum ("Plaintiff") brought this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 against doctors and medical supervisors at Mule Creek and Pleasant Valley state prisons (Doc. 1). Plaintiff presently is housed at Kern Valley State Prison. Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Defendants failed to diagnose and properly treat his circulatory and neurological conditions.

On February 16, 2010 and March 23, 2010, two status conferences were held with the parties. At the February 16, 2010 conference, Plaintiff stated that this § 1983 action stemmed from his inability to obtain a MRI of his heart, which was recommended by cardiologist Dr. Shyam Nair, M.D. on September 26, 2008. Initially, it was anticipated that if the records reflected that a MRI was medically necessary, the taking of a MRI would resolve Plaintiff's claims. In an effort to expedite this matter and at the Court's request, defense counsel

1 arranged for a medical care provider at Kern Valley State Prison to review Plaintiff's medical
2 records and determine whether a heart MRI was medically necessary. The Court then set
3 another status conference for March 23, 2010 to reassess the case based upon defense
4 counsel's findings and to determine what scheduling order would be appropriate.

5 On March 11, 2010, in anticipation of the upcoming status conference, defense
6 counsel submitted a March 3, 2010 report from the Receiver for the California State Prison
7 Medical Care System (Doc. 42). This extensive report consists of a summary and
8 chronology of Plaintiff's medical care, the reviewing physician's analysis and conclusions,
9 and exhibits of relevant medical records (Id.). The report details that Plaintiff has been
10 evaluated numerous times by a host of physicians and specialists over several years,
11 including two cardiologists, neurology, ENT, and gastroenterology. A total of six
12 independent board certified primary care physicians have seen Plaintiff and have determined
13 that Plaintiff suffers from no serious heart disease. Other than Dr. Nair's one-time qualified
14 recommendation, none of the doctors have found a heart MRI was medically necessary.
15 Furthermore, a battery of tests have been performed, such as overnight heart rate recordings
16 (Holter monitors), two event recorders, nuclear cardiac exercise stress tests, brain MRI,
17 evoked neurological potential studies, nerve conduction studies, and Chest Computerized
18 Tomographic X-rays. The results of all the tests were normal.

19 At the March 23, 2010 status hearing, the Court and the parties discussed the medical
20 records and Receiver's report filed by defense counsel. During the hearing, Plaintiff stated
21 that he has the early signs of heart failure and suffers from heart palpitations, irregular heart
22 rhythm, chest pain, protruding veins, numbness, and burning sensations. He also stated that
23 Dr. Nair's recommendation for a heart MRI shows the necessity of this procedure and that
24 Defendants continually have ignored Plaintiff's complaints and Dr. Nair's recommendation.
25 Defendants, on the other hand, oppose giving Plaintiff a MRI as a means of resolution to the
26 case given the fact that Dr. Nair's recommendation is over a year old and does not reflect his
27 most recent evaluation of Plaintiff. Defendants believe the medical evidence shows that the
28 procedure is not necessary given the diagnosis of the multiple other doctors who have

1 evaluated Plaintiff.  Moreover, Defendants oppose Plaintiff's suggestion to have the Court
2 summarily order a MRI when there is substantial evidence that a MRI is not medically
3 necessary; the Court agrees, and will not order a MRI at this time.

4       As discussed at the status conference, the Court is including in this Order the standard
5 for a § 1983 action based upon deliberate indifference to medical needs.  To prevail on an
6 Eighth Amendment medical care claim, a prisoner must demonstrate "deliberate indifference
7 to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle
8 v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by
9 demonstrating that failure to treat the condition could result in further significant injury or
10 the unnecessary and wanton infliction of pain and (2) that the defendant's response was
11 deliberately indifferent. Jett, 439 F.3d at 1096 (citations omitted).

12       A "'serious' medical need exists if the failure to treat a prisoner's condition could
13 result in further significant injury or the 'unnecessary and wanton infliction of pain.'"
14 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX
15 Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal citation
16 omitted).  Indications that a prisoner has a serious need for medical treatment include the
17 existence of an injury that a reasonable doctor or patient would find important and worthy
18 of comment or treatment, the presence of a medical condition that significantly affects an
19 individual's daily activities, or the existence of chronic and substantial pain. McGuckin, 974
20 F.2d at 1059-60.

21       To act with deliberate indifference, a prison official must both know of and disregard
22 an excessive risk to inmate health; the official must both be aware of facts from which the
23 inference could be drawn that a substantial risk of serious harm exists, and he must also draw
24 the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In the medical context,
25 deliberate indifference may be shown by a purposeful act or failure to respond to a prisoner's
26 pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
27 Prison officials are deliberately indifferent to a prisoner's serious medical needs if they deny,
28 delay, or intentionally interfere with medical treatment. Wood v. Housewright, 900 F.2d

1  1332, 1334 (9th Cir. 1990). But a delay in providing medical treatment does not constitute
2  an Eighth Amendment violation unless the delay was harmful. Hunt v. Dental Dep't, 865
3  F.2d 198, 200 (9th Cir. 1989) (citing Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d
4  404, 407 (9th Cir. 1985) (per curiam)). To establish deliberate indifference, a prisoner must
5  show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir.
6  2002).

7  "[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to
8  establish deliberate indifference.'" Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004)
9  (citation omitted). Therefore, to prevail on a claim involving choices between alternative
10 courses of treatment, a prisoner must show that the course of treatment the doctors chose was
11 medically unacceptable in light of the circumstances and that it was chosen in conscious
12 disregard of an excessive risk to plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332
13 (9th Cir. 1996).

14 Faced with the medical evidence already presented, the Court has determined that the
15 discovery undertaken, if any, will be limited. For Defendants, counsel represented that no
16 further discovery would be needed, absent some new case development. Plaintiff stated only
17 that he wanted to depose Dr. Nair regarding his September 26, 2008 recommendation for a
18 heart MRI. Plaintiff was informed by the Court that he was responsible for noticing and
19 scheduling any deposition pursuant to the Federal Rules of Civil Procedure. He also would
20 incur all costs associated with the deposition.

21 Due to the need for only limited discovery, Defendants requested the filing of early
22 summary judgment motions. In support of his position that a heart MRI is medically
23 necessary, Plaintiff relies only on his lay statements of his symptoms and Dr. Nair's limited
24 recommendation in September 2008. Plaintiff is not a trained medical doctor; thus, to prevail
25 at the summary judgment stage, Plaintiff will need to show evidence of "deliberate
26 indifference" through the testimony of a medical expert. Plaintiff cannot rely merely on
27 allegations or denials in his Complaint, but rather will need to set out specific facts showing
28 a genuine issue for trial. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-

23 (1986). As a result of the extensive medical evidence already gathered, the Court finds that early dispositive motions are appropriate in this case, and will give Defendants sixty (60) days to file any summary judgment motion. Plaintiff then will be given another ninety (90) days to respond, in order to afford him ample time to gather the necessary documentary evidence. For example, Plaintiff stated at the conference that he wanted to secure an affidavit from Dr. Nair and/or schedule a deposition with him. Five months should be sufficient time for Plaintiff to contact Dr. Nair regarding whether he still believes that a heart MRI is medically necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file any summary judgment motion by Friday, May 28, 2010.

**IT IS FURTHER ORDERED** that Plaintiff shall file his response by Friday, September 3, 2010.

**IT IS FURTHER ORDERED** that Defendants shall file a reply, if any, by Friday, October 8, 2010.

DATED this 24th day of March, 2010.

Stephen M. McNamee
United States District Judge