# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Rosenblum, | No. CV 1-08-0448-SMM |
|     Plaintiff, | **ORDER** |
| vs. | |
| Mule Creek State Prison Medical Staff, et al., | |
|     Defendants. | |

Before the Court is Plaintiff's Motion for Leave to File Amended Pleadings, filed May 7, 2010 (Doc. 45). Plaintiffs seeks leave of the Court to file an amended complaint regarding his claims against Defendants. Plaintiff's motion states that he intends to dismiss Count Two regarding his neurological condition, dismiss six Defendants, and add three new Defendants.

Before the Court will consider a motion to amend the complaint, however, Plaintiff must attach a copy of his proposed first amended complaint as an exhibit.[1] It is the review of the proposed first amended complaint that will enable the Court to assess whether leave to amend should be granted. Furthermore, not having the amended pleading will make it difficult for Defendants to respond appropriately to Plaintiff's motion. In a Declaration, Plaintiff states that problems with the copy machine prevented him from copying the

---

[1] Local Rule 137 states, "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, . . . the document proposed to be filed [shall be attached] as an exhibit to moving papers seeking such leave."

proposed first amended complaint and including it with his motion. Thus, the Court will order Plaintiff to file the proposed first amended complaint by Friday, June 4, 2010.

Along with this Order, the Court will provide Plaintiff with a form that should be used for his proposed first amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The proposed first amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the prior complaints by reference.[2]

A first amended complaint supersedes any previous complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat previous complaints as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In light of the extension given to Plaintiff to file his proposed first amended complaint, the Court will also set new briefing deadlines for Plaintiff's Motion for Leave to File Amended Pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff file his proposed first amended complaint with the Court by **Friday, June 4, 2010**. If Plaintiff fails to file his proposed first amended complaint by that date, his motion will be denied for failure to comply with the Court's Order.

**IT IS FURTHER ORDERED** that the Clerk of Court **must mail** to Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

---

[2] Local Rule 220 provides that:
Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment . . . has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended . . . until this Rule has been complied with.

**IT IS FURTHER ORDERED** that Defendants shall file a response to Plaintiff's Motion for Leave to File Amended Pleadings (Doc. 45) by **Friday, June 25, 2010**. A reply, if any, shall be filed by Plaintiff by **Friday, July 2, 2010**.

DATED this 19th day of May, 2010.

Stephen M. McNamee
United States District Judge