**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Phillip Rosenblum,                )   No. CV-1-08-0448-SMM
                                   )
       Plaintiff,              )
                                   )
vs.                                )   **MEMORANDUM OF DECISION**
                                   )   **AND ORDER**
Mule Creek State Prison Medical    )
Staff, et al.,                     )
                                   )
       Defendants.             )
                                   )
                                   )

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 91.) On March 13, 2012, the Court gave Plaintiff a final opportunity to respond to Defendants' motion for summary judgment. (Doc. 106.) Plaintiff has failed to respond to Defendants' motion for summary judgment. The Court has reviewed the pleadings on file and finds that Defendants are entitled to summary judgment.

In Count One of his Complaint, Plaintiff alleges that he suffers from a heart/circulatory condition and that Defendants failed to diagnose and treat his circulatory condition. (Doc. 55 at 8.) Plaintiff further alleges that although he has filed inmate grievances about his medical needs since 2003, he has not received proper testing or treatment, and as a result, has experienced great pain and risks to his health. (Id.) Plaintiff seeks compensatory and punitive damages, as well as declaratory relief. (Doc. 56.)

Defendants moved for summary judgment on the grounds that (1) Defendants Diep, Akintola, Nale, Galloway, Todd, Williams and Milliman were not deliberately indifferent

1   to Plaintiff's serious medical needs; and (2) Defendants Jensen, Hall, and Williams were not

2   liable for their handling of Plaintiff's health care related grievances.  (Doc. 91 at 1.)  The

3   Court agrees.

4        Plaintiff's contention that Defendants deprived him of adequate medical care is refuted

5   by the medical records.  At the Court's request, Defendants submitted a report from the

6   Receiver for the California State Prison Medical Care System, dated March 3, 2010, on

7   Plaintiff's medical care (Doc. 42). This report includes a summary and chronology of

8   Plaintiff's medical care, the reviewing physician's analysis and conclusions, and exhibits of

9   relevant medical records. (Doc. 42.) The report shows that over several years, Plaintiff has

10  received numerous evaluations from many physicians and specialists, including two

11  cardiologists, and care providers in neurology, gastroenterology, and otolaryngology.  (Doc.

12  42 at 3.) Six primary care physicians have seen Plaintiff and have determined that he suffers

13  from no serious heart disease. (Doc. 42 at 3.) Plaintiff has received a battery of evaluations,

14  including overnight heart rate recordings, two event recorders, nuclear cardiac exercise stress

15  tests, a brain MRI, evoked neurological potential studies, nerve conduction studies, and Chest

16  Computerized Tomographic X-rays. (Doc. 42 at 3-4.) All of these test results were normal.

17  (Doc. 42 at 4.)

18       In summary, the record shows that between 2005 and 2007, Plaintiff submitted 72

19  health care requests forms and several administrative appeals.   (Doc. 92 at 9-11.)

20  Defendants have contended and the records bear out that Plaintiff was routinely examined,

21  and when determined medically necessary, he was provided with consultations with

22  specialists and additional medical testing.  (Id. at 4-11.)

23       Because the Defendants met their initial responsibility of showing the absence of a

24  genuine issue of triable fact, the burden shifts to the opposing party to show the presence of

25  a genuine issue of any material fact.  Matsushita Elec. Industrial Co. v. Zenith Radio, 475

26  U.S. 574, 586 (1986). In attempting to establish the existence of a factual dispute, the

27  opposing party may not rely upon his pleadings but is required to tender evidence of specific

28

facts in the form of responses to written discovery, declarations, deposition transcripts, or other admissible evidence in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11.

Despite being given numerous opportunities, Plaintiff has failed to respond or establish the existence of a factual dispute.  (<u>See</u> Doc. 106.)  Defendants are entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion for Summary Judgment on all claims. (Doc. 91.) The Clerk of Court shall terminate this action, dismissing all the remaining individual Defendants: Diep, Akintola, Nale, Galloway, Todd, Williams, Milliman, Jensen and Hall.

DATED this 8th day of August, 2012.

Stephen M. McNamee
Senior United States District Judge